## PALAIS ROYAL, Inc., v. ORTON.
### No. 5717.

Court of Appeals of the District of Columbia.
Argued March 8, 1933.
Decided April 10, 1933.

Reargument Denied April 21, 1933.

Harlan Wood, of Washington, D. C., for appellant.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

This appeal·is from a judgment of the Supreme Court of the District of Columbia awarding damages against appellant, defendant below, on a charge of false imprisonment.

200

It appears that plaintiff entered defendant's place of business on December 13, 1927, at about 3 o'clock in the afternoon. She stopped at the jewelry counter and purchased some beads. She then went to the place where hosiery was on sale, from which she returned again to the jewelry counter. She testified that she observed a man named Peterson following her; that she then started toward the Eleventh street entrance of the store, when "Peterson took her by the arm and was shoving her as if she was not going fast enough"; and that he told her that if she did not get out of the store he would put her under arrest. She protested that she had not done anything wrong, and stated that she knew Mr. Palmer, the manager, and requested that she be permitted to go to his office.

Peterson then let go of her arm and followed her to Palmer's office. She told Palmer what had occurred, and stated that she did not want the return of the purchase money for the beads, but she wanted a refund slip showing that she had made a purchase in the store. She was furnished with this and then left the store. Her testimony as to the conduct of Peterson is uncorroborated. On the contrary, it is contradicted by a number of witnesses who saw what occurred, and also by the testimony of Palmer, who inquired of plaintiff whether Peterson had touched her, to which she answered, "No."

It is unnecessary to enter into any detailed statement of the testimony, since the evidence totally fails to establish a case of false imprisonment. Accepting the testimony of the plaintiff, and disregarding the testimony of the other witnesses, the most that the case discloses is one of assault by Peterson; but this is not charged in the complaint, nor is it the theory upon which the case was tried. For the complete variation between the averments of the declaration and the proof as adduced by the plaintiff, the judgment cannot be sustained.

The judgment is reversed, with costs.